IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELITA NOREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 5338 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| WALMART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Angelita Noren brings her complaint against defendant Walmart Stores, Inc. ("defendant" or "Walmart") for negligence, seeking to recover for personal injury that she incurred when she slipped on spilled syrup on the floor of defendant's store located at 10260 South Harlem in Bridgeview, Cook County, Illinois ("the store" or "defendant's store"). Defendant removed plaintiff's case to this court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, and moved for summary judgment after conducting discovery (Doc. 35). For the reasons discussed below, the court grants defendant's motion.

## BACKGROUND

On October 31, 2021, plaintiff went to defendant's store with her daughter, Godwilla Alsum ("Godwilla"). On the day of the incident, plaintiff and her daughter were shopping in the baking aisle for less than a minute before plaintiff fell on syrup on the floor, which she described as "a big puddle with a line." Plaintiff testified that she does not know who spilled the syrup, but after her fall, she saw a half empty bottle of syrup "on the bottom shelf," "[n]ot on the floor."[1]

---

[1] After being shown a photograph, taken after her fall, of the bottle on the second shelf from the bottom, plaintiff stated that "[m]aybe I recall it [was] on the bottom, but I didn't for sure." She reiterated that "I'm not sure. I don't want to guess."

1

Plaintiff does not know whether the bottle was broken or open, how long the syrup was on the floor before her fall, or whether any Walmart employees were aware of the syrup on the floor before she fell. Plaintiff testified that no Walmart employee told her that they knew syrup was on the floor before she fell, no Walmart employees were in the baking aisle when she fell, and she did not hear any announcements about needing cleanup for a syrup spill on the floor of the baking aisle. Plaintiff stated that she did not see dirt, garbage, footprints, or tracks through the syrup after her fall.

Various Walmart employees gave deposition testimony in this case, including Sharron Davis ("Davis"). At the relevant time, Davis was a Stocking 1 Associate, and her job duties were to "top stock down" in the aisles. "Top stock down" means to stock the store's shelves with merchandise that is on the high risers above the shelves. To perform top stock down, Davis used a cart with a ladder. According to defendant, Davis used the ladder because she is five feet, five inches tall, and she has observed customers retrieving merchandise from the top stock high risers without the assistance of a Walmart employee. Plaintiff counters that Walmart employees generally use a ladder to reach top stock, and Davis observed customers retrieve goods from the top stock only "[e]very once in a while," "not much." According to plaintiff, there is no reason for a customer to attempt to retrieve top stock, which defendant disputes.

Before plaintiff's fall on October 31, 2020, Davis was doing top stock down in the baking aisle, and she identified herself on the store's video surveillance performing her duties beginning at approximately 12:00.41 p.m. She testified that she was stocking "everything that encompasses baking, flour, sugar, pancake mix, syrup, jelly." When asked "Well, what about syrup?," Davis stated, "I'd say the syrup." Davis, however, testified that she did not knock any merchandise onto the floor while she was stocking or as she was leaving the baking aisle. Based on her

2

responsive briefing, plaintiff does not dispute the fact that Davis did not knock any merchandise on the floor while she stocked or left the baking aisle.

Video surveillance footage shows Davis leaving the baking aisle at approximately 12:21.09 p.m. Davis stated that she does not know how the syrup that caused plaintiff's fall got onto the floor, or how long the syrup was on the floor before plaintiff's fall, which happened at some point before 1:02.04 p.m. Davis testified that she checked to ensure that the aisle was clean and clear before she left it, although defendant has no specific policy that requires its employees to scan the area after they complete top stock down before leaving it. Based on her responsive briefing, plaintiff does not dispute that there was no syrup or merchandise on the floor of the baking aisle when Davis left it.

Chante Bolling ("Bolling"), Shenese McNease ("McNease"), Douglas Gregor ("Gregor"), and Tammie Stryczula ("Stryczula") also gave deposition testimony as Walmart employees. According to video surveillance footage, Bolling entered the baking aisle at approximately 11:59.32 a.m. She testified that she did not see any slippery substances on the floor at that time. Bolling stated that she did not witness plaintiff's fall, and does not know how the syrup got onto the floor or how long it was on the floor. Video surveillance footage shows Bolling exiting the baking aisle with plaintiff and Godwilla after the incident, at approximately 1:02.04 p.m. McNease, an assistant store manager, spoke with plaintiff after her fall, in addition to taking five photographs of the syrup spill. She stated that she did not see any track marks through the syrup when she arrived at the baking aisle. McNease testified that she does not know how the syrup got the floor, or how long it was on the floor before plaintiff fell, and no Walmart employee reported the syrup spill to her before plaintiff's fall.

Gregor and Stryczula likewise testified that they do not know how syrup got on the floor,

or how long it was on the floor before plaintiff fell. Gregor was working in another aisle when a customer reported to him that someone fell in the baking aisle. According to Gregor's deposition testimony, he had not entered the baking aisle that day prior to plaintiff's fall, and when he arrived at the baking aisle, he observed a syrup spill and a bottle of syrup on the floor. Gregor testified that he picked up the bottle and placed it on the shelf before leaving to retrieve paper towels and report plaintiff's fall to a manager. Plaintiff counters that Gregor's witness statement, which he completed the day of the incident, is inconsistent with his deposition testimony, and indicates that Gregor left the floor to report to management that a customer slipped on "oil" prior to, rather than after, checking on plaintiff in the baking aisle. Gregor testified that his post-occurrence report is inaccurate.

One photograph taken after plaintiff's fall depicts the half empty syrup bottle with a green label, on the second shelf from the bottom. In her deposition, Davis agreed that the bottle was misplaced on that shelf but acknowledged that she was unable to identify the specific location where the syrup was supposed to be stocked in the aisle, although she thought one photograph showed other syrup bottles of the same kind on the second shelf from the top. Plaintiff disputes Davis's identification and argues that the two bottles have different colored labels. Rather, according to plaintiff, a bottle on the top stock matches the half empty bottle at issue. Defendant disputes the clarity of the bottles in the pictures.

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden, and the court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in their favor. See Matsushita Elec. Indus.

4

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the nonmovant must do more than raise "some metaphysical doubt as to the material facts." Id. at 586. Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## **DISCUSSION**

Defendant has moved for summary judgment on plaintiff's claim for negligence, including allegations that defendant: failed to adequately secure the syrup within the display; failed to provide a safe place for plaintiff to walk upon while on the premises; permitted syrup to remain on the floor, which created a "dangerous, unsafe, and slippery condition"; failed to inspect the premises to be certain that they were free from dangerous conditions; failed to warn plaintiff and others of the dangerous condition; failed to place barricades or other signs to warn plaintiff and others of the dangerous condition; failed to clean up the spill; and failed to inspect the syrup prior to placing it on the shelf to ensure that it was not leaking. Defendant argues that summary judgment is appropriate because there is no evidence that defendant spilled syrup on its floor, or that defendant had actual or constructive notice of syrup on its floor.

To establish a claim of negligence under Illinois law, which the parties agree applies to the instant case, plaintiff must prove that: (1) defendant owed a duty of reasonable care to plaintiff; (2) defendant breached that duty; (3) the breach proximately caused plaintiff's injury; and (4) damages. See Hayes v. Bailey, 80 Ill. App. 3d 1027, 1030 (1980). A proprietor owes a business invitee a duty to maintain the premises in a reasonably safe condition to avoid injuring them. See Zuppardi v. Wal-Mart Stores, Inc., 770 F.3d 644, 649 (7th Cir. 2014). Courts may impose liability when a business invitee is injured by slipping on a foreign substance on its premises if the plaintiff establishes that: (1) the substance was placed there by the negligence of

5

the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should been discovered (i.e., constructive notice). Id.

In the instant case, defendant first argues that there is no evidence that one of its employees spilled syrup on the floor. Defendant emphasizes that all its deposed employees testified that they did not know that there was syrup spilled in the baking aisle, or how long it was there before plaintiff fell. Plaintiff herself testified that she did not know who dropped the syrup on the floor.

Conversely, plaintiff argues that where the spilled substance is related to defendant's business, plaintiff is required only to provide additional evidence from which a jury could reasonably infer more likely than not that defendant, rather than a customer, caused it to fall on the floor. See Donoho v. O'Connell's, 13 Ill. 2d 113, 122 (1958). Plaintiff argues that such evidence comes from photographic evidence that the syrup was stocked with the top stock, whereas the half empty bottle was found on the second to last shelf from the bottom. According to plaintiff, a reasonable jury could find that, more likely than not, Davis knocked the bottle from the high risers when performing top stock down close in time to plaintiff's fall. Plaintiff argues that this is especially true because Davis testified that customers rarely attempted to remove top stock items, which were not easily accessible due to their height.

Under Donoho v. O'Connell's, 13 Ill. 2d 113 (1958), where the spilled product is sold by or related to a defendant's business (as here), courts may find that the plaintiff raised a permissible inference that the defendant's employees were responsible for its presence and liability may be imposed. Id. at 120. To raise such an inference, a plaintiff must provide more evidence than the presence of the substance and the subsequent incident. Id. at 121. She must

6

offer "some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his [employees], rather than a customer, dropped the substance on the premises." Id. at 122.

The problem for plaintiff is that she fails to dispute, and therefore admits, certain factual assertions in defendant's statement of material facts pursuant to Local Rule 56.1.[2] Specifically, plaintiff does not respond to defendant's allegations that Davis did not knock any merchandise on the floor while she stocked the baking aisle, and that there was no syrup or merchandise on the floor of the baking aisle when Davis left it. Under Local Rule 56.1(e)(3), "[t]o dispute an asserted fact, a party must cite specific evidentiary material that controverts the asserted fact," and "[a]sserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." It is not enough for plaintiff to offer arguably, but not obviously, contradictory facts in her additional statement of material facts pursuant to Local Rule 56(b)(3)(C). The court deems these facts to be undisputed.

Plaintiff's argument that Gregor knocked the syrup bottle onto the floor meets the same fate. According to plaintiff, it is reasonable to infer that Gregor encountered the spill before plaintiff fell and left the scene unattended, contrary to Walmart policy, because Gregor testified that he picked the bottle off the floor to place it on the shelf. Plaintiff emphasizes her testimony that the syrup bottle was already on the shelf after her fall, and the court is obliged to view the facts in the light most favorable to plaintiff at this stage. The court, however, determines that Gregor's inconsistent testimony about the timeline of his actions is not evidence that he caused the fall, especially because plaintiff does not dispute, in her response to defendant's statement of

---

[2] Plaintiff answered "No Response" to 72 of defendant's 74 statements of material fact.

7

material facts, that Gregor had not entered the baking aisle earlier that day. If plaintiff seriously contested the timing of Gregor's presence in the baking aisle, she had the opportunity to press Gregor to specify in his deposition when he picked up the syrup bottle, but she failed to do so.

Thus, the court concludes that plaintiff has failed to provide evidence that a reasonable jury could consider to find that defendant was responsible for the syrup spill in its baking aisle. Plaintiff is required to provide only "slight" evidence to raise a permissible inference that defendant's employees were responsible for the syrup spill, and she provided probative evidence that Davis engaged in top stock down in the baking aisle, with the substance that caused plaintiff's fall, shortly before her fall. Yet plaintiff has admitted facts that undermine her strongest evidence. With these admitted facts, the court determines that there is no genuine dispute whether one of defendant's employees caused plaintiff's fall.

That being said, plaintiff can still succeed on her negligence claim against defendant if she has provided evidence that would allow a reasonable jury to conclude that defendant had actual or constructive notice of the syrup spill. See Olinger v. Great Atl. & Pac. Tea Co., 21 Ill. 2d 469, 475–76 (1961). The court, however, concludes that plaintiff has not provided evidence that would allow a reasonable jury to do so.

First, plaintiff has not provided evidence that defendant had actual notice of the syrup spill. Plaintiff herself admits that no Walmart employee told her that they knew syrup was on the floor before she fell, no Walmart employees were in the baking aisle when she fell, and she did not hear any announcements about needing cleanup for a syrup spill on the floor of the baking aisle—all of which, if demonstrated, could be evidence of actual notice. Moreover, all deposed employees testified that they did not witness plaintiff's fall and do not know how the syrup got onto the floor, or how long it was there. Further, plaintiff has not provided evidence that

defendant had constructive notice of the syrup spill. Plaintiff admits that she does not know how long the syrup was on the floor before her fall, and she did not see dirt, garbage, footprints, or tracks through the syrup after her fall—both of which, if demonstrated, could be evidence that the syrup was on the floor for such a substantial time that defendant should have known about it. Instead, the evidence shows that Davis left the aisle, without leaving syrup on the floor, at 12:21.09 p.m., and plaintiff left the baking aisle, following her fall, at 1:02.04 p.m.

In the absence of an inference that one of defendant's employees spilled the syrup, and with the lack of evidence that defendant had actual or constructive notice of the syrup spill, the court determines that defendant is entitled to summary judgment on plaintiff's negligence claim against it.

## **CONCLUSION**

For the reasons stated above, the court grants defendant's motion for summary judgment (Doc. 35).

ENTER:

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman
United States District Judge**

**DATE: October 19, 2023**

9